[No. 36033. Department One. December 27, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. HORACE WAYNE ROBERTSON, *Appellant.**

*R. Max Etter* and *Murray E. Taggart*, for appellant.

*Arthur L. Hawman* and *Eugene T. Golden*, for respondent.

PER CURIAM.—Defendant was charged, tried, convicted and sentenced for the crime of assault in the second degree.

The facts that the jury was entitled to find, in so far as

*Reported in 377 P. (2d) 257.

we need notice them in order to consider defendant's sole assignment of error, are these:

About 10 p.m. the manager of the Grand Hotel in Walla Walla received a complaint of noise emanating from a room occupied by defendant. Not being satisfied with defendant's response to his telephone call, the manager telephoned the Walla Walla police. Officer Proctor appeared; he summoned defendant from his room. Exactly what happened is in dispute. Officer Proctor testified that defendant was belligerent, loud, boisterous, and profane. He placed defendant under arrest for disorderly conduct.

The hotel manager testified:

"I was listening to the conversation by both parties, and I thought at the time it was getting a little out of hand, so I run downstairs and called the local Police Station for additional help."

Officer Proctor escorted defendent to the elevator, 12 to 15 feet away. As they entered, defendent hit the officer, breaking his jaw in two places. Defendant locked the officer's arms by pulling his jacket over his head and continued to strike him 15 to 20 times.

In response to the hotel manager's second telephone call, Officer Woolsey arrived, handcuffed defendant, and took him to the police station. Officer Proctor was taken to the hospital.

Defendant was not charged with disorderly conduct that resulted in his first arrest by Officer Proctor. He was charged in accordance with RCW 9.11.020, which provides:

"Every person who, under circumstances not amounting to assault in the first degree—

" . . .

"(3) Shall wilfully inflict grievous bodily harm upon another with or without a weapon; or

" . . .

"(6) Shall assault another with intent . . . to prevent or resist . . . the lawful apprehension or detention of himself . . .

" . . .

"Shall be guilty of assault in the second degree . . ."

Defendant directs his one assignment of error to instruction No. 14:

"You are instructed that it is the law of the State of Washington that a peace officer may arrest without a warrant if the officer believes and has good reason to believe that a person has committed, or is about to commit, or is in the act of committing a felony.

"You are further instructed that Assault in the Second Degree is a felony in the State of Washington."

Defendant does not urge that the instruction is an erroneous statement of the law: he argues (1) that the instruction is not justified by the evidence; and (2) that it confused the jury (apparently on the theory that the instruction would lead the jury to believe that the first arrest was valid if defendant later committed a felony).

We do not agree.

In a trial lasting 5 days, the defense raised every possible doubt pertaining to the first arrest. The evidence encompassed the entire episode, and, of course, included the second arrest for the alleged assault upon Officer Proctor.

Instruction No. 13, to which no error is assigned, stated:

"If you find that the original arrest of the Defendant by Officer Donald R. Proctor was a legal arrest, then I instruct you that the Defendant had no right to resort to force and had the duty to accompany the officer in a peaceful manner."

Instruction No. 13 referred to the first arrest; instruction No. 14 obviously referred to the second arrest.

In view of the evidence before the jury, it was not improper for the court to instruct on both arrests.

When instruction No. 14 is read in context and considered with the other instructions to which no error is assigned, it could not possibly have confused the jury.

Judgment affirmed.

---

February 8, 1963. Petition for rehearing denied.